IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03797-RBJ

MYNOR NAJARRO OSORIO,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Mynor Najarro Osorio's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1.

Petitioner is a 43-year-old native of Guatemala who is currently detained at Denver Contract Detention Facility in Aurora, Colorado. He entered the United States without inspection in June 2021. He alleges that he was detained in Florida without a warrant on October 16, 2025, although he has no criminal history and has a family in Miami. A warrant was issued on October 20, 2025 and apparently was served on him on November 16, 2025. A Notice to Appear was served on him on

December 12, 2025. At some point he was transferred from Florida to the Denver Contract Detention Facility.

On May 12, 2026 he applied for asylum and withholding of removal. On June 30, 2026, following a hearing, an immigration judge ordered removal. On July 28, 2026 he appealed the removal order. That appeal apparently is pending. He alleges that his detention without a warrant or probable cause violated statutory and constitutional requirements. He also alleges that his detention without a bond hearing, now totaling approximately 10 months, violates due process.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of a petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent they have not done so yet, no later than Monday, August 24, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2)

promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: August 19, 2026.

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge