IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03797-RBJ

MYNOR NAJARRO OSORIO,

Petitioner,

v.

JUAN BALTAZAR, TODD BLANCHE,
TODD LYONS, MARKWAYNE MULLIN,
GEORGE VALDEZ,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is the petitioner Mynor Najarro-Osorio's ("petitioner" or "Mr. Najarro-Osorio") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Among other relief, petitioner seeks an order granting his immediate release, or, in the alternative, an individualized bond hearing before a neutral arbiter. *Id.* at 24. Respondents have declined to submit an opposition brief. ECF No. 8. For the reasons below, the Court finds that Mr. Najarro-Osorio's detention is unlawful and orders his immediate release.

## I. Background

Petitioner is a Guatemalan national who entered the United States on or about June 16, 2021. ECF No. 1 at ¶ 24. On October 16, 2025, Mr. Najarro-Osorio was detained without a warrant after being released by a Florida court upon determination that he was not a public danger or a flight risk. *Id.* at ¶ 25. On November 15, 2025 and on or around December 12, 2025, Mr. Najarro-Osorio was served with a warrant and a Notice to Appear respectively. *Id.* at ¶¶ 26–27. The warrant was issued on October 20, 2025, four days after Mr. Najarro-Osorio had been arrested. *Id.* at ¶ 13.

For more than 10 months, Mr. Najarro-Osorio has been detained at the Denver Contract Facility in Aurora, Colorado. *Id.* at ¶¶ 29, 33. He has not yet received a bond hearing. *Id.* at ¶ 34. He has no criminal history, built community ties in the United States, and has family in Miami, Florida who rely on him financially. *Id.* at ¶¶ 30–31.

## II. Legal Standard

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and

constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sep. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

## III. Discussion

### a. Mr. Najarro-Osorio's detention is unlawful.

Mr. Najarro-Osorio's detention is unlawful under the Fourth Amendment. An immigration officer can only conduct a warrantless immigration arrest if there is probable cause that: (1) the individual "is in the United States in violation of any [immigration] law or regulation," and (2) the individual is likely to escape before a warrant can be obtained for his arrest." *See* 8 U.S.C. § 1357(a)(2); *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969) (adopting "probable cause" standard in interpreting "reason to believe" language in § 1357(a)(2)).

Mr. Najarro-Osorio was arrested without a warrant, which was issued four days after his arrest. ECF No. 3 at 16. However, immigrant agents have failed to demonstrate that Mr. Najarro-Osorio is a flight risk. Mr. Najarro-Osorio has no criminal history, has community ties in the United States, and has family in Florida who are financially dependent on him. A Florida court had determined that he was not a public danger or a flight risk. Immigrant agents have not identified any

circumstances that support a particularized finding of probable cause that Mr. Najarro-Osorio poses a flight risk. Because the Court finds that Mr. Najarro-Osorio's detention is unlawful under the Fourth Amendment, it does not reach petitioner's remaining claims (Counts Two, Three, and Four).

**b. Release is the appropriate remedy.**

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief," *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21 2026), and have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

Here, release is the only appropriate remedy that would restore the petitioner to status quo *ex ante*. Respondents have unlawfully re-detained Mr. Najarro-Osorio despite there being no circumstances that support Mr. Najarro-Osorio's warrantless arrest following his release from the Florida court. Ordering a bond hearing would leave the petitioner worse off than before he was detained, as he faces either continued detention or release under more onerous conditions. Thus, the appropriate remedy is the petitioner's immediate release.

**IV. Conclusion**

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner from detention within 48 hours of this Order.
2. Respondents SHALL NOT impose additional release conditions other than those that petitioner was subject to prior to his October 16, 2025 arrest.
3. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.
4. Respondents SHALL return to the petitioner any personal property belonging to the petitioner that they possess.
5. Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED. [1]

Dated: September 17, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent petitioner seeks attorney's fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.